UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN GIUFFRIDA** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2238** |
| **THOMAS WAGNER ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court are two motions[1] to strike and two motions[2] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant, Thomas Wagner ("Wagner"). Plaintiff, John Giuffrida ("Giuffrida"), has filed a single response in opposition to these motions.[3] For the following reasons, the motions to dismiss are **GRANTED** and the motions to strike are **DISMISSED AS MOOT**.

### *BACKGROUND*

Giuffrida and Linda Love established L & J Inc. ("L & J"), a pipette calibration company, in 1996 and were the sole shareholders.[4] Giuffrida sued L & J in state court in 2011.[5] Wagner represented L & J in state court.[6] While judgment was rendered in part against L & J in September

---

[1] R. Doc. Nos. 17 & 22.
[2] R. Doc. No. 12 & 24.
[3] R. Doc. No. 31 ("Plaintiff's Memorandum in Opposition to Defendant's Special Motions (3) to Strike and Rule 12(b)(6) Motions (2) to Dismiss for Failure to State a Claim").
[4] R. Doc. No. 3, p. 2.
[5] R. Doc. No. 9, p. 3; Giuffrida's complaint and amended complaint (collectively, "complaint") suggest that his state court allegations involved a claim that he was unlawfully stripped of his shares in the company.
[6] R. Doc. No. 31, p. 1; *see also* R. Doc. No. 9, pp. 2-3.

of 2011, Giuffrida was apparently dissatisfied with the extent of his recovery.[7] He filed a *pro se* complaint in federal court on September 9, 2012, broadly alleging that Wagner is liable for acts related to his role in "legally representing the Plaintiff's company without the authorization of the Plaintiff."[8] These acts allegedly violated Wagner's professional duty of care.[9] After obtaining counsel, Giuffrida filed a supplemental complaint identifying a claim for tortious interference with a contract.[10]

## *STANDARD OF LAW*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

---

[7]R. Doc. No. 9, p. 3.
[8]R. Doc. No. 3, p. 2.
[9]*Id.* at 3.
[10]R. Doc. No. 9, p. 3.

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## *DISCUSSION*

In his opposition, Giuffrida states that Wagner's motions "are based on misplaced factual comprehension of the nature of the lawsuit as well as inapplicable jurisprudence. These motions, while lengthily prepared and articulated[,] are not applicable to the case at bar."[11] Giuffrida proceeds to clarify that his complaint involves a claim for conflict of interest and a claim for tortious interference with a contract.[12] Giuffrida also, perhaps inadvertently, references a third, separate, claim: tortious interference with a business relationship. While some of Wagner's arguments may not apply to these claims, Giuffrida has failed to offer any persuasive response to the arguments that do apply. The Court considers each of Giuffrida's claims in turn.

---

[11] R. Doc. No. 31.

[12] The Court recognizes that Giuffrida's complaint may have initially contemplated causes of action beyond those discussed herein. Giuffrida's opposition, however, emphatically defines his claims as conflict of interest and tortious interference with a contract or business relationship, effectively abandoning any other claims. R. Doc. No. 31, p. 7; *In re Anh Cao*, 619 F.3d 410, 435 (5th Cir. 2010) (The Court's "role is not to create arguments for adjudication – but rather, [to] adjudicate those arguments with which [it is] presented.").

*Conflict of Interest*

Giuffrida alleges that Wagner "was conflicted out" when he called a meeting of L & J without a quorum and represented L & J in the ensuing litigation.[13] Giuffrida has limited his conflict of interest claim to Wagner's role as officer of and counsel for L & J.[14] Although Giuffrida does not expressly identify the underlying cause of action, the only case he cites for support is *Jarrell v. Miller*, 882 So. 2d 639 (La. 2004), which involved a legal malpractice claim.[15]

A claim for legal malpractice requires "a duty arising from an attorney-client relationship." *Id.* at 644. As Wagner asserts in his first motion to dismiss: "The rule in Louisiana is that a shareholder has no separate or individual right of action against third persons, including directors and officers of a corporation, for wrongs committed against or causing damage to the corporation."[16] *Amador v. Reggie*, 924 So. 2d 415, 418 (La. Ct. App. 3d Cir. 2006) (quoting *Glod v. Baker*, 851 So. 2d 1255 (La. Ct. App. 3d Cir. 2003)). "[E]ven in instances where one person is the sole shareholder of a corporation, the right of action is retained by the corporation." *Id.* Accordingly, a shareholder may not bring a legal malpractice claim based on an attorney's improper representation of the corporation.[17] The conflict of interest claim must be dismissed because Giuffrida did not have an attorney-client relationship with Wagner and because Guiffrida has no right of action arising from the duty Wagner owed L & J.

---

[13]*Id.* at 4.

[14]*Id.* at 2 ("Mr. Guiffrida's suit does not allege any claim against Thomas Wagner in his capacity as attorney for shareholder, Linda Love. Mr. Giuffrida's claims all relate to Thomas Wagner's role as representative of [L & J], and his role as officer of [L & J] in judicial proceedings adverse to the contractual interests of Mr. Giuffrida in his own corporation.").

[15]Giuffrida has not identified facts suggesting any other way in which Wagner's alleged conflict of interest could have violated some duty of care owed to Giuffrida.

[16]R. Doc. No. 12-1.

[17]*Id.* at 9 (discussing cases).

*Tortious Interference with a Contract*

Giuffrida claims that Wagner improperly interfered with the contract underlying Giuffrida's partial ownership interest in L & J.[18] Wagner's second motion to dismiss argues that, under Louisiana law, a tortious interference claim is viable only in "a situation involving a corporation, an officer of the corporation, and a contract between the corporation and a third party." *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F. Supp. 2d 521, 536 (E.D. La. 2007). Giuffrida's opposition fails to address this limitation on his cause of action.

The Louisiana Supreme Court has recognized tortious interference claims solely in circumstances involving "a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation *between his employer and a third person*." *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989) (emphasis added). Giuffrida's complaint does not involve a contract between a corporation and a third party. Rather, his claim relies on Wagner's alleged interference with the "contract of equality of ownership (50/50) between the two shareholders [Giuffrida and Linda Love] to the detriment of the plaintiff."[19] Interference with a contract between two shareholders does not give rise to liability for tortious interference under Louisiana law.

Additionally, "[w]here the Louisiana appellate courts have found a viable cause of action for tortious interference with a contract, the courts have identified a narrow, individualized duty between the plaintiff and the alleged tortfeasor." *Petrohawk Properties, L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 395-96 (5th Cir. 2012). Although Giuffrida generally suggests Wagner violated

---

[18]R. Doc. No. 31, p. 3.
[19]*Id.*

Rule 1.7 of the Louisiana Rules of Professional Conduct, he does not explain how this relates to his tortious interference claim.[20] More important, "the general duties of Louisiana lawyers under the Louisiana Rules of Professional Conduct are not duties encompassed" by the Louisiana Supreme Court's description of tortious interference with a contract. *Id.* at 396 (citation omitted). Dismissal of the tortious interference claim is appropriate under Louisiana law.[21]

*Tortious Interference with a Business Relationship*

Giuffrida's opposition may be read to suggest that he also brings a claim for tortious interference with a business relationship, a "very limited" avenue of recovery under Louisiana law.[22] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 11 (5th Cir. 1992). "This claim is distinct from tortious interference with a contract," and it requires the plaintiff to show "that the defendant improperly influenced others not to deal with the plaintiff." *Restivo*, 483 F. Supp. 2d at 537. Neither Giuffrida's original, *pro se*, complaint nor his supplemental complaint, drafted by counsel, alleges a tortious interference with a business relationship claim or facts supporting such a claim. For example, there is no allegation suggesting that Wagner's conduct as an officer of L & J or as an attorney representing L & J was "malicious and wanton." *Junior Money Bags*, 970 F.2d at 10. In sum, there is no tortious interference with a business relationship claim before the Court.

---

[20] R. Doc. No. 31, p. 4.

[21] While Giuffrida's opposition relies on the Restatement Second of Torts' formulation of this claim, the Restatement is not Louisiana law. R. Doc. No. 31, p. 7; *see 9 to 5 Fashions, Inc.*, 538 So. 2d at 234 ("It is not our intention, however, to adopt whole and undigested the fully expanded common law doctrine of interference with contract . . . .").

[22] *See* R. Doc. No. 31, p. 7 ("The Plaintiff had a business contract/relationship interest" in L & J, and Wagner "interfered in this relationship/contract.").

*CONCLUSION*

After considering Wagner's motions to dismiss and Giuffrida's opposition, the Court concludes that Giuffrida's complaint fails to set forth factual allegations that would entitle him to relief.

**IT IS ORDERED** that Wagner's motions to dismiss are **GRANTED** and that Giuffrida's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Wagner's motions to strike are **DISMISSED AS MOOT**.

New Orleans, Louisiana, February 25, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**